We'll hear the next case, Blue Citi v. 5Barz. Good morning, Your Honors. May it please the Court, my name is Mark Basile. I'm here on behalf of the appellant, defendant, and this action. What Your Honors have before you is an appeal that really raises five new nominal issues, a case of first impression, dealing with a 160-year-old statutory law in New York State dealing with the usury laws. You realize that the same issue was raised to another panel of this Court a few weeks ago, and so that we are bound to follow what the decision of that Court is, if it reaches the merits of what you are arguing today. Well, if Your Honors are aware that we have renewed our motion for certification of these questions to the New York Court of Appeals because, in this case, the criminal usury statute represents a fundamental public policy of New York State, and based on the issues that are raised on this occasion... I was on the earlier panel, and the same argument was made. Yes, but the motion panel denied it without prejudice to bring it before Your Honors. A threshold issue... We don't get there, though, if we agree that you waive the argument, or that you waive the defense. That's correct, Your Honor. I was about to address that, Your Honor. We believe that under the current statutory framework of the criminal usury statute, as well as the decisions of some of the appellate division courts in New York, that the criminal statute cannot be waived. And the reason why it cannot be waived, unlike civil usury, civil usury is a personal right. That statute can be waived by an individual, but when a statute is created for the protection and betterment of society, especially the criminal usury statute in New York, that cannot be waived. Well, it can't be waived in terms of you can't, in a contract, waive the statute, but what about in the context of a lawsuit? Can you go throughout an entire litigation, not raise the defense, and then at the very end raise the defense? Well, Your Honor, that's not what happened here. It wasn't the entire lawsuit, but you let the motion for summary judgment be filed, they raised the issue, you totally ignored it in your response, and then later on you tried to raise it, and the district court said that you waived it. Your Honor, the defense of criminal usury was preserved in the answer. It was raised as an affirmative defense. We were not counseled during the first summary judgment motion. Had I been counseled, I absolutely would have raised that issue. Which way does that cut? If you've been counseled, you absolutely would have raised the issue, and the reason you absolutely would have raised the issue is because otherwise you would be in danger of waiving it. Well, I don't necessarily agree with that, Your Honor. There are a series of cases at the state court level that, for instance, in Moore Equities, there was a pleading, an answer, a motion of summary judgment. It wasn't raised at all in that case. Seven years later, a new attorney makes an application to vacate the motion for summary judgment, and the sole reason is because the defendant at that time, seven years later, raised the defense of criminal usury. You're surely not arguing that something is waivable. It has to be waived for a period of years. All of this is really measured in terms of the amount of input and work that busy judges have to give to decide a case that you have set before them, and if you don't raise an issue, they aren't going to address it. I completely understand Your Honor's position. However, the court is required to conduct a balancing act at this point. Let's assume for the moment that it could have been raised before and was not. This is not a jurisdictional question, so if we wanted to, since it's a straight legal issue, we could take it up even though you didn't raise it. This isn't forfeiture. This is waiver. That's correct, Judge Calabresi. In fact, the lower court in her decision, in one instance, says you waive the defense of criminal usury because you did not bring it up in the first motion of summary judgment, and then went on, in her opinion, for five pages to address the criminal usury issue, the substance of the issue itself. Could the district court itself have ignored the waiver if it wanted to? Well, we say, as a matter of fact, Your Honor, it actually... Yeah, I know you say it did, but suppose... My question is a different one. It's essentially this, that if the district court, in making its decision as to whether there was waiver or not, was influenced in a determinative way by its finding that there was no usury defense, then we don't know what the district court would have done on waiver if it had had a different view of the usury defense, in which case there is an issue that the district court could have decided differently. That's absolutely correct, Your Honor. But because this issue deals with New York's fundamental public policy and it's based on statute, I implore the court to consider certifying the question to New York State Court of Appeals. Let the New York Court of Appeals come down on interpreting their statutes and whether or not a defendant in a civil action can waive criminal usury. Yeah, but the question... The fact that this is an open question in New York, and even the second question as to whether criminal usury is void or not, on which there is one decision of the appellate division which says that it is void, but there's nothing by the Court of Appeals, so that even that isn't completely clear, sooner or later is going to have to be raised, get to the New York Court of Appeals. The question is, is this the case to do it in or is this not? This is absolutely the case to do it in, because not only do we have that threshold question on whether or not a defendant in a civil action can waive the defense of criminal usury, but, Your Honors, you have at least 50 cases pending in both the East and the Southern District, almost based on this identical... There's one case pending before another panel in a couple of weeks. Yes, in fact, Your Honor, I'm on another one that's soon to be scheduled as well. The history is so rich in New York on the criminal usury statute, long before you gentlemen were born. And looking at the case below, there was no examination of the transaction document. This is developed in the brief that the Court relied on the Beaufort case, which was just dicta, and almost every Southern District Court judge has relied on that dicta to say, as a matter of law, a convertible note is not subject to usury laws. The District Judges have been unanimous in saying that this isn't usury, essentially. Federal District Judges... This particular convertible note, so far, but that may or may not... I mean, that issue has to really be brought up to the Court of Appeals to decide, because in this case, Paragraph 5 of the transaction... The defendants would have the Court believe that this is a very unique, very important case that's going to decide dozens and dozens of cases that are pending in this circuit. The fact is, the arguments made by the defendants were overwhelmingly raised for the first time either on appeal or were waived by the defendants by virtue of their failure to raise them in opposition to summary judgment when we made the motion the first time. The fact is, this is a regular, ordinary default under a notary and SPA between two sophisticated parties. The appellant is a publicly traded company. They knew exactly what they were doing when they entered into the transaction. They offered almost no defense when we initially moved for summary judgment, and what they're really trying to do is obtain a post facto absolution from this court for their procedural errors. To address one point that the appellant made in their argument, what they're saying is that the defense of criminal usury can never, ever be waived. In essence, what they're arguing is, they can come, a judgment can be entered, they can come back five years, ten years, twenty years later and say, usury, void the judgment because usury can never be waived. That's an absurd proposition. It's basically unprecedented as far as I know. There's absolutely no way that a court, any court that I'm aware of would agree that a defense can never, ever be waived twenty years later. Yeah, but what about the notion that the district court, in deciding this case, was influenced on whether there was waiver or not, and whether it would decide the issue in any event by its position, which it made very clear that the usury defense is not a valid one, and that position is one as to which the New York courts have not spoken. So, Judge Caproni actually covered all the bases. Judge Caproni said, A, there's a waiver. Your motion to vacate made five or six months after I issued my previous order. You waived all your arguments, but even if you hadn't waived your arguments. It said, draw of the case, which is a different thing, but it... Okay, but at the end of the day, Judge Caproni actually did an analysis. She went through the note, she went through the provisions, and she said, it's not usury, it's A, because the convertible discount feature is not necessarily, you know, who says that in six months or... She decided the merits. She decided the merits. Exactly right. So, for them to say... She decided the merits. Why aren't the merits before us? In order to overturn Judge Caproni's decision, I think this court would have to find that her decision to follow the law of the case was an abuse of discretion. It's not an abuse of discretion. She did follow... Yeah, but we don't have to follow the law of the case. You see, there's a difference between waiver and the law of the case, and the law of the case doesn't bind us. Correct. Correct. But it is absolutely true that in response to our first motion for summary judgment, they made almost no arguments with respect to the usury, which is sort of the gut of their appeal here. Didn't she also... I believe that she did. I think she specifically said that there was both waiver and the law of the case. And then she said, but even if it's not, let's go through the analysis and you're wrong anyhow. So, to answer a question that was asked earlier to opposing counsel, it's possible that at some point this court will certify these questions to the Court of Appeals, but this is not the case. This is the case where they lost it on procedure. To overturn that, it would basically... Either to overturn either the law of the case or the waiver argument made by the lower court, you would have to find an abuse of discretion. It certainly wasn't an abuse of discretion for Judge Caprone to say, you never raised these arguments in the first place. I don't need to address them. I am going to address them, but I certainly don't need to. That's not an abuse of discretion. I'm happy to answer any further questions. I just think that... Thank you. Thank you. We'll hear the rebuttal. Thank you, Your Honor. Because Judge Caprone spent five pages analyzing the validity... Judges do it all the time. They do an alternative basis in case they get reversed on the first part. They want to have a backup. It doesn't in any way, I don't think, undermine the analysis on the first part. Well, her analysis was flawed from the get-go, Your Honors. She relied on a case which was solely dicta in the Beaufort case. It was a simple informational passage in a case that said... No, no, no. We're talking about whether she was wrong or right on the waiver issue. The other issue is an open question. So why was she wrong on deciding? I mean, there was a judge of the district court whose name was Palmieri, who was known as the irreversible Judge Palmieri because he always decided cases on 12 different grounds, and if any one of them was good, the Court of Appeals would affirm. Now, Judge Caprone didn't do that, but didn't she do two separate grounds? Yes. She had basically two separate rulings dealing with the criminal usury statute. Do you agree that's an abuse of discretion on her part? I believe it's an abuse of discretion because... Why is it an abuse of discretion? I'll tell you why, Your Honors, because in this court in 1914, in the Inouye Grand Union case, said that when you deal with... She spent time on that first motion, deciding the motion on the merits, and your predecessor never raised the argument. Then, apparently, you come into the case and you raise the argument. Why is it not within her discretion to say it's been waived? I spent all that time working on that opinion, and now you're coming back for a second bite at the apple. And I have the most respect for Judge Caprone. I feel she's a well-reasoned judge in all of her decisions. However... Not here. However, even in her first decision, her first decision did not look through in detail, as was required by this court in 1914 in the Inouye Grand Union case, and then again in 1918 in the Hartley v. Eagle insurance case from the New York Court of Appeals. She was required to undergo a specific, robust analysis as to every term within the four corners of the document to determine whether or not this passes muster, whether or not this document is legal. She said that there was a legal contract. My client never raised it, but she never did the analysis. So when she did her alternate holding, which is reviewable by this court in the second summary judgment motion, she basically went through the elements only so far as to cite other cases that never conducted this analysis. So we would take the position one of two things, Your Honor. Either you need to remand so we have an evidentiary hearing so we can look at the details of the contract to make sure that this contract, which charges more than 25%, any way you dice it or slice it, and specifically says it's unconditionally and absolutely repayable, making it a loan, or certify these questions to the New York Court of Appeals for guidance, and then we can come back and you have 50 cases below you that will... Now, suppose the New York Court of Appeals comes out your way. What will we do then? Remand to the district court to decide whether under those circumstances it wants to treat it as waived in this case? I think if the Court of Appeals... Or what? I think if the Court of Appeals comes back the way I think they're going to come back, I think they're going to say, A, you can't waive the usury argument, so now we have to look at the decision the judge made to determine whether or not that conformed with the law. Now, the good thing about usury is usury is determined from the four corners of the document. The waiver question in this context, that is whether it's waived in the circumstance of the litigation, isn't that a federal question, a procedural question? Well, I believe that under the CPLR there's a statute that says you can raise an affirmative defense any time... Now you're in federal court. Isn't the waiver question, whether it is waived as an affirmative defense, isn't that a federal question? Well, I think in some respects it could be, Your Honor. Oh, it is. Come on now, it is. And the only question is whether we should decide it, or whether the district court might decide it differently if it thought the merits of the usury law were different from what it was. There are situations in which you send it back to a district court to say, Do you want it? But it is a federal question. That isn't a state question. That's correct. I meant it in the context where you still have New York's public policy to consider to enforce this criminal usury statute versus the federal procedural law that says you waive the affirmative defense. It's federal procedure versus state substantive. I'm not even sure where the courts would come down on that.  Thank you very much, Your Honor.